IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                           CRIMINAL NO. 2:12CR00102

**SHAVON V. COLLINS**

## MEMORANDUM OPINION AND ORDER

In Charleston, on December 10, 2024, came the defendant, in person and by counsel, Tim C. Carrico; came the United States by Jonathan Tyler Storage, Assistant United States Attorney; and came United States Probation Officer, Olivia Sanders, for a hearing on the petition to revoke defendant's term of supervised release.

The court informed defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on August 30, 2022, and the amendment to that petition, filed on December 2, 2024. The court found that defendant had received written notice of the alleged violations as contained in the petition and the amendment to the petition and that the evidence against defendant had been disclosed. The court advised defendant that pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

Defendant was charged with two violations of supervised release:  (1) commission of a state crime, and (2) possession of a firearm.  The state crime charged against him was initially second-degree murder.  However, the amended petition notes that he pled guilty in state court to a lesser offense of being a felon in possession of a firearm.  At the revocation hearing, the government did not pursue the murder allegation.  Defendant admitted to being convicted of the firearm offense.  Therefore, the court found the supervised release violations proven by a preponderance of the evidence.

The admitted violations are Grade B Violations, and defendant has a criminal history score of IV.  Thus, the court found the Guideline imprisonment range to be twelve to eighteen months.  The court found that the guideline range for supervised release was up to thirty-six months, less any term of imprisonment imposed.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Therefore, the court stated that the relevant statutory period is 18 U.S.C. § 3583, which provides a maximum term of imprisonment of twenty-four months.  Neither party objected to the Guideline range or statutory penalty determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant opportunities to speak regarding the matter of disposition, the court **ORDERED,** pursuant to the Sentencing Reform Act of 1984, that defendant's term of supervised release be revoked, and that he be incarcerated for a period of eighteen (18) months, with no period of supervision to follow.  The court ordered that the sentence is to be served consecutively to any sentence of imprisonment the defendant is serving, pursuant to U.S.S.G. § 7B1.3(f).

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of defendant.

Defendant was informed of his right to appeal.  He was further informed that in order to initiate such appeal, a Notice of Appeal must be filed within fourteen (14) days.  The court advised defendant that if he wishes to appeal and cannot afford

to hire counsel, the court will appoint counsel for him. He was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

Defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the probation department of this court.

It is **SO ORDERED** this 16th day of December, 2024.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge